UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:25-cr-00102-SDN |
| | ) | |
| JAMES LAPIERRE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION FOR DISCOVERY

This matter comes before the court on Defendant James Lapierre's motion for discovery under Fed. R. Crim. P. 16(a)(1)(E)(i), ECF No. 51, in connection with his motion to dismiss for selective prosecution, ECF No. 29. The Court had previously scheduled a motions hearing on November 17, 2025, to address Mr. Lapierre's other pending motions to dismiss and motion to suppress. However, I will resolve the motion for discovery prior to the hearing to allow Mr. Lapierre the opportunity to adequately prepare for the motions hearing. For the reasons discussed below, I deny Mr. Lapierre's motion for discovery.

## FACTUAL BACKGROUND

As alleged by the government, on April 24, 2025, law enforcement agents posted an advertisement on a website commonly used to advertise commercial sex acts. ECF. No 1-1 at 2. The advertisement contained a contact phone number, images of what appeared to be two young females, and language offering the availability of commercial sex acts. *Id.* On or about April 24, 2025, the number listed in the advertisement received a text message from a number ending in -5721 in response to the advertisement, and a conversation ensued where the user of -5721 asked what services were provided and the rates for services. *Id.* at 3. The law enforcement officer posing as author of the

1

advertisement ("UC1") stated that she had a fourteen-year-old girl available, referred to as "Emma," to perform sex acts in exchange for money, provided rates for such acts, and provided the address of a hotel in South Portland, Maine. *Id.* at 3–4.

Shortly thereafter, Mr. Lapierre arrived at the Hotel where he approached a second undercover law enforcement officer ("UC2") posing as the author of the advertisement. *Id.* at 4. Mr. Lapierre confirmed he was there for "Emma" and stated that he had the money but did not want to provide the money to UC2 until he saw the minor female. *Id.* UC2 provided Mr. Lapierre with a hotel key to a room and Mr. Lapierre proceeded to approach the door of the hotel room. *Id.* Law enforcement officers then apprehended Mr. Lapierre and took him into custody. *Id.* at 5. Upon his arrest, officers recovered two condoms and around $160.00 in cash on Mr. Lapierre's person, and his personal phone and work phone in his vehicle, the latter of which rang when officers called the telephone number ending in -5721. *Id.*; ECF No. 42 at 3.

## PROCEDURAL HISTORY

On July 9, 2025, the Government indicted Mr. Lapierre on one count of attempted sex trafficking of a minor in violation of 18 §§ U.S.C. 1591(a)(1), 1591(b)(2), and 1594(a). ECF No. 26. The following day, July 10, 2025, Mr. Lapierre filed his motion to dismiss the indictment for selective prosecution. ECF No. 29. In his motion, Mr. Lapierre argues that the Government decided to selectively prosecute him instead of a different individual arrested as part of the same "sting operation," based on a difference in each individual's proficiency in English. *Id.* at 1. In its response in opposition, the Government argues that Mr. Lapierre has failed to demonstrate that its decision to prosecute Mr. Lapierre was based on any discriminatory reason, and rather contends that the decision was a matter of prosecutorial discretion based on the strength of the evidence in each case and the

2

Government's ability to proceed to trial. ECF No. 42 at 4–6. The Court will defer ruling on the motion to dismiss for selective prosecution until the conclusion of the motions hearing scheduled for November 17, 2025.

On September 24, 2025, Mr. Lapierre filed his motion for discovery pursuant to Fed. R. Crim. P. 16(a)(1)(E)(i) and in connection with his motion to dismiss for selective prosecution. ECF No. 51. Specifically, Mr. Lapierre moves for "discovery of all government documents, memoranda, or other items that informed the government's decision not to charge another similarly situated individual in federal court, as opposed to state court." ECF No. 51 at 2, ¶ 15. In its response in opposition, the Government argues that Mr. Lapierre has failed to establish either a discriminatory effect or a discriminatory intent behind the government's decision to prosecute him. *See* ECF No. 42 at 3–4. The Government further argues that Rule 16 is inapplicable to requests for discovery based on selective prosecution claims. ECF No. 53 at 1–2.

## DISCUSSION

### I. Selective Prosecution

"In our criminal justice system, the Government retains broad discretion as to whom to prosecute." *United States v. Cameron*, 658 F. Supp. 2d 241, 244 (D. Me. 2009) (quoting *Wayte v. United States*, 470 U.S. 598, 607 (1985)). Once made, prosecutorial decisions enjoy a "presumption of regularity" which "can be overcome only by a proffer of 'clear evidence' that the prosecutor acted impermissibly in pursuing a case." *United States v. Lewis*, 517 F.3d 20, 25 (1st Cir. 2008) (quoting *United States v. Armstrong*, 517 U.S. 456, 465 (1996)). "A showing of selective prosecution can, of course, undercut the presumption of regularity." *Id*. "The evidentiary threshold that a defendant must cross in order to obtain discovery in aid of a selective prosecution claim is somewhat below 'clear

evidence,' but it is nonetheless fairly high." *Id.* (quoting *Armstrong*, 517 U.S. at 468). Instead, "a defendant must present 'some evidence' tending to show both discriminatory effect and discriminatory intent." *Id.* (citing *United States v. Berrios*, 501 F.2d 1207, 1211 (2d Cir. 1974)). "It follows that discovery will not be allowed unless the defendant's evidence supports each of the two furcula of his selective prosecution theory: failure on one branch dooms the discovery motion as a whole." *Id.* (citing *United States v. Bass,* 536 U.S. 862, 863-64 (2002) (per curiam)). Additionally, the law requires a showing that "similarly situated individuals who do not share the protected characteristic were not prosecuted and that the Government chose to prosecute at least in part because of, not merely in spite of, the defendant's protected characteristic." *Cameron*, 658 F. Supp. 2d at 245 (quotation modified).

In reviewing prosecutorial discretion on the decision whether to prosecute, the First Circuit has noted that a "multiplicity of factors legitimately may influence the government's decision to prosecute one individual but not another." *Lewis*, 517 F.3d at 27 (citing *Wayte*, 470 U.S. at 607). These factors "may include, *inter alia*, the comparability of the crimes, the similarities in the manner in which the crimes were committed, the relative efficacy of each prosecution as a deterrent, and the equivalency of the evidence against each prospective defendant." *Id.* "This broad [prosecutorial] discretion rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review." *Wayte*, 470 U.S. at 607. "Such factors as the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake." *Id.*

4

In his motion to dismiss for selective prosecution and motion for discovery, Mr. Lapierre argues that the Government selectively prosecuted him in federal court instead of another individual arrested in the same "sting operation" based on the distinction between each individual's nationality and proficiency in the English language. *See* ECF No. 29 at 1; ECF No. 51 at 2. The other individual arrested, Mr. Yavor Dimov, was charged in state court on charges of patronizing prostitution of a minor and solicitation of a child. ECF No. 29-1. According to these filings, Mr. Lapierre faces a mandatory minimum sentence of ten years if convicted, while Mr. Dimov faces no mandatory minimum and a maximum sentence of five years on each count. ECF No. 51 at 2.

In response, the Government argues that Mr. Lapierre fails to acknowledge the strength of the Government's case against him, which is "one amongst other valid considerations for the exercise of prosecutorial discretion in indicting him federally." ECF No. 42 at 6. The Government asserts that Mr. Lapierre's "fluency in English does not make him a target for discriminatory prosecution but rather is a vital factor in the United States' ability to proceed to trial." *Id*. According to the Government, Mr. Lapierre's proficiency in English combined with his alleged conduct on the date of the offense would allow a jury to more readily conclude that Mr. Lapierre attempted to engage in commercial sexual activity with a minor, as opposed to a non-English speaker. *See id.* at 6–7.

Based upon the record before the Court, I find that Mr. Lapierre has failed, at this stage, to demonstrate a discriminatory intent on the part of the Government in electing to prosecute him in federal court, while declining to prosecute Mr. Dimov for similar conduct. Specifically, Mr. Lapierre has failed to demonstrate that the Government's decision to prosecute him was *because of* his proficiency in English or his nationality, and not merely in spite of it. A defendant's fluency in English is particularly relevant when

5

viewed in light of the specific conduct charged in this case, which involves the defendant's ability to understand the advertisement offering commercial sexual activity and the subsequent text messages with undercover officers, all of which was communicated in English. Multiple courts, including the First Circuit, have held that the strength of the evidence of the government's case against a particular defendant is a valid consideration and exercise of prosecutorial discretion. *See United States v. Rundo*, 108 F.4th 792, 803–04 (9th Cir. 2024) (holding that the "strength of the evidence, i.e., how easily a prosecutor can prove that an individual committed a crime . . . is a permissible consideration in making prosecutorial selections"); *see also United States v. Peterson*, 233 F.3d 101, 105 (1st Cir. 2000) (finding that the prosecution of director of narcotics distribution operation, while declining to prosecute minor participant in operation, was not selective prosecution). Further, the Government's decision to prosecute based on the strength of the case against a particular defendant is "particularly ill-suited to judicial review." *Wayte*, 470 U.S. at 607. Accordingly, Mr. Lapierre has failed at this juncture to demonstrate that his prosecution in federal court is the result of a discriminatory intent or animus toward him, instead of the exercise of permissible prosecutorial discretion, to allow him to obtain the requested discovery.[1]

## II.    Rule 16

Mr. Lapierre further contends he is entitled to discovery in pursuit of his selective prosecution claim under Federal Rule of Criminal Procedure 16(a), as materials relevant to preparing his defense. The relevant portion of Rule 16(a)(1)(E)(i) states, "Upon a

---

[1] Because I find that Mr. Lapierre has, at this stage, failed to establish a discriminatory intent on the part of the Government to obtain discovery on selective prosecution, I need not consider the other prong of the relevant inquiry under *Lewis v. United States*, whether the government's prosecutorial decision produces a discriminatory effect. *See Lewis*, 517 F.3d at 25.

defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and . . . the item is material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(i). The Supreme Court has previously interpreted Rule 16's materiality requirement to authorize defendants "to examine Government documents material to the preparation of their defense against the Government's case in chief, but not to the preparation of selective-prosecution claims." *Armstrong*, 517 U.S. at 463. Accordingly, because Mr. Lapierre's request for discovery is made in preparation for his motion to dismiss for selective prosecution, and not against the Government's case in chief, Rule 16 does not provide a legal basis for the relief sought by Mr. Lapierre.

## CONCLUSION

For the foregoing reasons, Mr. Lapierre's motion for discovery, ECF No. 51, is **DENIED without prejudice**. I will reserve ruling on Mr. Lapierre's motion to dismiss for selective prosecution, ECF No. 29, until the conclusion of the motions hearing scheduled in this matter for November 17, 2025. If anything comes to light at that hearing that could change the analysis on discovery contained herein, I will allow Mr. Lapierre to refile his motion for discovery.

SO ORDERED.

Dated this 27th day of October, 2025.

/s/ Stacey D. Neumann
UNITED STATES DISTRICT JUDGE