UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:25-cr-00102-SDN-1 |
| ) | |
| JAMES LAPIERRE, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter comes before the Court on Defendant James Lapierre's motion to dismiss for outrageous government conduct and his request for a *Franks* hearing. Mr. Lapierre seeks relief based on alleged false statements made by law enforcement officers in an affidavit in support of the criminal complaint charging him with attempted sex trafficking of a minor. *See* ECF No. 1-1. For the reasons that follow, Mr. Lapierre's motion to dismiss and request for an evidentiary *Franks* hearing are **DENIED**.

## BACKGROUND

On April 24, 2025, Mr. Lapierre was arrested as part of a federal "sting operation" conducted in South Portland, Maine. As part of the operation, Mr. Lapierre allegedly responded to multiple online advertisements, posted by undercover law enforcement officers, offering commercial sexual activity with a minor female and drove to the provided location where officers apprehended him.[1] The following day, the Government sought a criminal complaint, supported by an affidavit written by Special Agent Eric Tracy. Magistrate Judge Wolf granted the application for the complaint, finding probable

---

[1] My prior Order denying Mr. Lapierre's motions to dismiss and motion to suppress provides a more thorough factual background. ECF No. 58 at 2–4.

1

cause that Mr. Lapierre had attempted to engage in commercial sexual activity with a purported minor. ECF No. 1. Mr. Lapierre now challenges Agent Tracy's affidavit, specifically Agent Tracy's declaration therein that, upon arriving at the hotel:

> The defendant parked his vehicle and approached [the undercover officer] who was standing in front of the hotel room. The defendant confirmed he was there for the minor female. He said he had the money but didn't want to give the money until he saw the minor female. The defendant was provided a hotel key to the hotel room and approached the door of the hotel room.

ECF No. 1-1 at 4.

On July 9, 2025, the grand jury returned an indictment charging Mr. Lapierre with one count of Attempted Sex Trafficking of a Minor, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), and 1594(a). ECF No. 26. Following the indictment, Mr. Lapierre filed several initial motions with the Court: a motion to dismiss for entrapment (ECF No. 28), a motion to dismiss for selective prosecution (ECF No. 29) and related motion for discovery (ECF No. 51), and an amended motion to suppress evidence of his arrest based on insufficient probable cause (ECF No. 41). On November 17, 2025, the Court held an evidentiary hearing on these initial motions and heard testimony from Maine State Police Detective Dezarae Roberts[2]—one of the undercover officers who communicated with Mr. Lapierre online and the officer who engaged in face-to-face contact with him upon his arrival to the hotel. ECF No. 55. According to her testimony, Mr. Lapierre never stated he "didn't want to give the money until he saw the minor female," as stated in Agent Tracy's affidavit. ECF No. 1-1 at 4; *see* ECF No. 82 at 34:18–36:6; 37:24–38:17. Detective Roberts further testified that she walked away from Mr. Lapierre after providing him the hotel key and

---

[2] At the time of her testimony, Detective Roberts went by Detective Fillmyer and is referred to as such in the official transcript. She will be referred to as Detective Roberts in this Order. *See* ECF No. 71 at 1.

was thus unaware whether Mr. Lapierre approached the hotel room door or not. *See id.* at 49:2–12.[3]

On December 19, 2025, following the evidentiary hearing, I denied each of Mr. Lapierre's then-pending motions to dismiss and motion to suppress. ECF No. 58. In denying the motion to suppress, I ruled the "totality of circumstances and the facts known to officers at the time of Mr. Lapierre's arrest support a finding of probable cause that Mr. Lapierre had committed the crime of attempted sex trafficking of a minor." *Id.* at 9. Specifically, my finding of probable cause was supported by evidence that "law enforcement observed Mr. Lapierre continue to engage in conversation with undercover chatters and negotiate prices for the commercial sexual activity, drive to the hotel, and speak with who he believed to be the victim's older sister regarding the intended sexual activity, all after learning of the purported minor's age." *Id.* at 10.

Mr. Lapierre has now filed his third motion to dismiss, this time for "outrageous government conduct" and violation of his due process rights, based on the alleged "false statements" contained in Agent Tracy's affidavit. ECF No. 66 at 1–2. Mr. Lapierre additionally requests an evidentiary hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), which establishes the right to an evidentiary hearing upon a preliminary showing "that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit," and that such statement was necessary to the ultimate finding of probable cause. *Franks*, 438 U.S. at 155–56. In response, the government argues both that Mr. Lapierre has failed to establish that Agent

---

[3] I previously found the video exhibit depicting Mr. Lapierre's arrest inconclusive as to whether Mr. Lapierre approached the hotel room door before being apprehended; regardless, that ambiguity is not determinative of my conclusion regarding probable cause. *See* ECF No. 58 at 3 n.3.

3

Tracy either knowingly or recklessly included a false statement in his arrest affidavit and that the challenged statement is not necessary to the finding of probable cause. *See* ECF No. 71 at 7–11. The government further contends that Mr. Lapierre's challenge to the initial complaint is now moot: because the grand jury issued a True Bill on the Indictment, the grand jury has independently established probable cause, superseding Agent Tracey's original affidavit in support of the complaint. *See id.* at 12.[4]

On February 6, 2026, the Court held a conference of counsel with the parties and ordered them to provide supplemental briefing on whether an evidentiary hearing on Mr. Lapierre's motion for a *Franks* hearing was warranted. ECF No. 77. The parties each filed their supplemental briefs by February 20, 2026. *See* ECF Nos. 83, 84. Of note, Mr. Lapierre's supplemental brief does not directly address the standard for an evidentiary hearing under *Franks* and instead restates many similar arguments regarding entrapment already rejected in my Order denying his motion to dismiss.

## DISCUSSION

### I. *Franks* Hearing

To be entitled to an evidentiary hearing under *Franks*, a defendant must make a "substantial preliminary showing" that both (1) "a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit," and (2) "the allegedly false statement is necessary to the finding of

---

[4] The government additionally argues there is no federal authority which establishes *Franks* applies to affidavits filed in support of arrests and criminal complaints, in addition to search warrants pursuant to the Fourth Amendment. ECF No. 71 at 7. However, the First Circuit has previously concluded that "[a]lthough *Franks* dealt with an affidavit in support of a search warrant, the same principles apply to an application in support of an arrest warrant where the application serves the same function as an affidavit." *United States v. Barbosa*, 896 F.3d 60, 68 n.3 (citing *United States v. Laurent*, 607 F.3d 895, 903 (1st Cir. 2010)). Accordingly, Mr. Lapierre may appropriately challenge the affidavit supporting his arrest and criminal complaint under *Franks*.

probable cause." *United States v. Reiner*, 500 F.3d 10, 14 (1st Cir. 2007) (quoting *Franks*, 438 U.S. at 155–56). An attack on a warrant affidavit "must be more than conclusory and must be supported by more than a mere desire to cross-examine." *United States v. Graf*, 784 F.3d 1, 8 (1st Cir. 2015) (quoting *Franks*, 438 U.S. at 171). The defendant's preliminary showing must satisfy both prongs of the *Franks* standard by a preponderance of the evidence. *See United States v. Leonard*, 17 F.4th 218, 224 (1st Cir. 2021).

In his motion to dismiss, Mr. Lapierre alleges the affidavit contained multiple false statements of fact, namely that Mr. Lapierre: (1) confirmed he was there for the minor female, (2) stated that he didn't want to give money to the undercover officer before seeing the minor female, and (3) approached the purported minor's hotel room after being provided a key by the officer. *See* ECF No. 66 at 1. Mr. Lapierre indicates Detective Roberts testimony contradicted these statements. Regarding the first alleged false statement, however, Detective Roberts testified that upon meeting at the hotel, while posing as the purported minor's older sister, Mr. Lapierre confirmed he was there for the minor female. ECF No. 82 at 35:7–11. Regarding the second statement, Detective Roberts testified she did not recall having a conversation with Mr. Lapierre about not giving money until he saw the minor female, and instead that Mr. Lapierre stated he wanted to have further conversation with Detective Roberts (the supposed older sister) in her hotel room. *Id.* at 35:12–15. Finally, as to the third statement, Detective Roberts stated she did not see whether Mr. Lapierre approached the hotel room after she provided him with the key and walked away. *Id.* at 49:7–12. For multiple reasons, I find that Mr. Lapierre's showing is insufficient to justify an evidentiary *Franks* hearing.

First, Mr. Lapierre's challenge to the veracity of the affidavit in support of the criminal complaint is untimely, as the grand jury has already found probable cause to

charge him with the same crime. The indictment charging Mr. Lapierre with attempted sex trafficking of a minor thus supersedes any alleged defect in the original criminal complaint. *See Denton v. United States*, 465 F.2d 1394, 1395 (5th Cir. 1972); *United States v. Calzada*, No. 23-50838, 2024 WL 3103326, at *1 (5th Cir. June 24, 2024); *see also United States v. Sole*, No. 23-cr-00015, 2025 WL 26690, at *3 (N.D. Ind. Jan. 3, 2025) (defendant's challenge to arrest affidavit under *Franks* raised following grand jury indictment was untimely because indictment "obviates any need for a criminal complaint") (quotation modified)). Although the indictment against Mr. Lapierre is fatal to his position, I will go on to consider the merits of his argument for a *Franks* hearing.

Second, the determination of any alleged inconsistency between Detective Roberts' and Agent Tracey's version of events is ultimately a credibility assessment reserved for the jury. I find Mr. Lapierre has failed to demonstrate by a preponderance of the evidence that any such inconsistencies constitute intentional and knowing misrepresentation or a "reckless disregard for the truth" on the part of Agent Tracy, as required by *Franks*. Mr. Lapierre will be permitted to cross-examine both witnesses at trial; at this stage, however, he has not proven the first prong of the *Franks* standard by a preponderance of the evidence.

Third, even if Mr. Lapierre could satisfy the first prong of the *Franks* standard, he cannot demonstrate any alleged false statements in the affidavit were critical to either the initial or my subsequent finding of probable cause. In the Order denying Mr. Lapierre's motion to suppress, I noted an assortment of facts known to officers at the time of Mr. Lapierre's arrest established probable cause. *See* ECF No. 58 at 10. Additionally, I found the text message communications between undercover officers and Mr. Lapierre demonstrated Mr. Lapierre's "awareness of the purported minor's age and intent to

6

engage in sexual activity with the minor." *Id.* at 9. This finding of probable cause does not rest upon whether Mr. Lapierre stated he did not want to give the money until he saw the minor, nor whether he approached the hotel room door after being provided the key. Accordingly, Mr. Lapierre cannot establish either prong of the *Franks* standard by a preponderance of the evidence so as to justify an evidentiary hearing.

## II.  Outrageous Government Conduct

Mr. Lapierre further requests relief in the form of a dismissal of the indictment based on alleged outrageous government conduct prior to and during the undercover operation leading to his arrest. ECF No. 66 at 3. Mr. Lapierre bases this claim on the alleged false statements contained in the affidavit, as well as general allegations regarding the government's attempt to entrap him, including that undercover officers sent him pictures of the purported minor and made false representations about the minor's extensive experience with commercial sexual activity. *See id.* at 2–3.

The doctrine of outrageous government conduct is reserved solely for "the most appalling and egregious situations." *United States v. Guzman*, 282 F.3d 56, 59 (1st Cir. 2002); *see also United States v. Luisi*, 482 F.3d 43, 59 (1st Cir. 2007) ("While the doctrine is often invoked by criminal defendants, it has never yet been successful in this circuit."). Because the law "frowns on the exoneration of a defendant for reasons unrelated to his guilt or innocence," the dismissal of charges based on outrageous conduct is utilized sparingly. *United States v. Anzalone*, 221 F. Supp. 3d 189, 193 (D. Mass. 2016) (quoting *Guzman*, 292 F.3d at 59). The dismissal of an indictment based on outrageous government conduct is proper only where the conduct is "so outrageous that due process principles would absolutely bar the government from invoking judicial processes to

7

obtain a conviction." *United States v. Djokich*, 693 F.3d 37, 43–44 (1st Cir. 2012) (quoting *United States v. Russell*, 411 U.S. 423, 431–32 (1973)).

For many of the reasons already stated, the alleged government conduct here does not rise to the level of the "appalling and egregious" threshold required for dismissal of the indictment. The crux of Mr. Lapierre's argument is that the government's undercover operation amounted to impermissible entrapment, which I have already ruled is—subject to the evidence presented at trial—a question of fact reserved for the jury. *See* ECF No. 58 at 6. Nothing alleged by Mr. Lapierre at this stage demonstrates the principles of due process should prevent the government's prosecution of this case.

## CONCLUSION

For the foregoing reasons, Mr. Lapierre's motion to dismiss for outrageous government conduct and for an evidentiary *Franks* hearing, ECF No. 66, is **DENIED**.

**SO ORDERED.**

Dated this 10th day of March, 2026.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**